IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MARSHALL EDWARD WILSON,** | ) | |
|     Plaintiff, | ) | Civil Action No. 7:19cv00822 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **CHIEF JIM WILLIAMS,** *et al.,* | ) | By: Norman K. Moon |
|     Defendants. | ) | Senior United States District Judge |

Plaintiff Marshall Edward Wilson, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. The complaint is now before the court for review pursuant to 28 U.S.C. § 1915A(a). For the reasons discussed herein, the court concludes that Wilson's complaint fails to state a claim for which relief can be granted, and so must be dismissed. As to one of his claims (his due process claims governing the post-seizure disposition of his property), the claim will be dismissed without prejudice such that Wilson may file a new complaint in a separate civil case if he can correct the deficiencies identified in this opinion.

I. BACKGROUND

Wilson's complaint names as defendants Chief Jim Williams of the Staunton police department, nine police officers within that department (officers Campbell, S.L. Shifflett, and Kattie Shifflett and six others referred to only as "Unknown Police Officers 1–6"), the City of Staunton, the City Manager, Stephan F. Owen, and the Mayor, Carolyn W. Dull. All of his claims arise from events that began on March 30, 2017, when he alleges that he was arrested without a warrant and abused both physically and verbally (although he offers no additional detail about the alleged "abuse"). Wilson accuses defendant E.L. Shifflett of unlawfully searching his person and his automobile, which was parked in his driveway, without a warrant. He claims that no evidence of probable cause existed to support his arrest or the search. Despite

this, he was arrested and transported to jail. He further argues that defendants "maliciously charge[d] him with unbefitting sexual charges of a minor that were unfounded without any proper reason" (Compl. ¶ 13) and that they interrogated him without informing him of his rights, including his right to remain silent. (*See* Compl. ¶¶ 5–13.)

Wilson's allegations focus heavily on the seizure of his automobile and property within it. Specifically, he alleges that defendants impounded his vehicle after his arrest and then conducted another illegal search of it.[1] He alleges that all of the defendants (including the City) and "others not presently known to him" intentionally removed items of personal property from his automobile, including CDs, a CD case, a cell phone, sports equipment, clothing, a camera, blankets, a wallet with $250.00, and other cash amounting to $350.00. He did not receive any of his cash money back and alleges that defendants Williams, Campbell, E.L. Shifflett, Kattie Shifflett, the City, Owen, and Dull either sold the property at auction without notice, or otherwise converted the property to their own personal use. He asserts that their actions constitute "embezzlement and theft." (*See* Compl. ¶¶ 14–16.)

He identifies only a single count in his complaint, which alleges:

> By means of their unlawful detention of plaintiff and the malicious charges they placed against him, defendants . . . intentionally, or with callous disregard and deliberate indifference of plaintiffs (sic) rights, deprived plaintiff of his right to be free from and of unreasonable searches and seizures, in violation of the Fourth and Fourteenth Amendments . . . and § 1983.

(Compl. ¶ 17.)

As is relevant to his claims challenging his arrest, records from the Circuit Court of Staunton reflect that Wilson has four convictions for which he was sentenced August 2017, and

---

[1] Wilson attaches a document from the Staunton Police Department regarding the towing of his vehicle that contains a property inventory and indicates who towed the vehicle, but does not indicate who inventoried the property. (*See* Dkt. No. 1-1 at 1.)

2

he was arrested for all of them on March 30, 2017, the date of the events alleged in his complaint.[2] Specifically, in case numbers CR17000121-01 and CR 1700121-04, he pled guilty to two separate felony charges of child solicitation via a communications system, in violation of Va. Code Ann. § 18.2-374.3. He was sentenced to fifteen-year sentences on each, with all but five suspended, to be followed by a ten-year term of probation. In case numbers CR17000121-02 and CR17000121-03, he pled guilty to two separate charges of attempted indecent liberties with a child under 15, in violation of Va. Code Ann. § 18.2-370. He was sentenced to a five-year suspended sentence on each count. All four sentences were ordered to run concurrently.

## II.   DISCUSSION

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Liberally construed, Wilson's complaint attempts to assert § 1983 claims alleging Fourth Amendment violations, based on his arrest and initial seizure and search of his automobile, and due process violations resulting from the subsequent disposition of his property without notice. "To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the

---

[2] *See* Fed. R. Evid. 201(b)(2) (permitting a federal court to take judicial notice of certain facts); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (explaining that a federal court may take judicial notice of state court proceedings that directly relate to the issues pending in the federal court).

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted).

Applying the foregoing standards to Wilson's complaint, I conclude that it fails to state a claim and so is subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1).

**A. Most, if not all, of Wilson's claims are barred by the applicable statute of limitations.**

There are several reasons why Wilson's claims fail to state a claim for which relief can be granted.[3] First, all—or nearly all—of his claims are barred by the applicable statute of limitations. In particular, the events he is challenging occurred on March 30, 2017, and he did not sign his complaint until December 5, 2019.

When it is clear from the face of a § 1983 complaint that the plaintiff's claim is barred by the applicable statute of limitations, the court may summarily dismiss the complaint without prejudice as legally frivolous. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 956 (4th Cir. 1995) (en banc); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006) (explaining that *Nasim* remains good law insofar as it allows a statute of limitations defense to be raised and considered *sua sponte* for *in forma pauperis* complaints, because district courts have an obligation to screen such complaints). A § 1983 claim based on events that occurred in Virginia is subject to Virginia's statute of limitations for general personal injury claims, *see Owens v. Okure*, 488 U.S. 235, 239–40 (1989), which requires an action be brought within two

---

[3] Additionally, his claims against the City of Staunton also fail for failure to state a claim. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a local governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981). To satisfy that requirement, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985). Wilson makes no such allegations. So, the City must be dismissed in any event.

years of its accrual. Va. Code Ann. § 8.01-243(A); *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) (explaining that the statute of limitations for § 1983 claims is the state limitations period for personal injury actions and in Virginia, that period is two years).

The time of accrual is governed by federal law, which directs that "a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim*, 64 F.3d at 955; *see also A Soc'y Without A Name*, 655 F.3d at 348 ("A civil rights claim accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'") (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). A claim based on a false imprisonment without legal process accrues "once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Keto*, 549 U.S. 384, 390 (2007) (emphasis in original). Wilson was clearly being held pursuant to legal process more than two years before he filed in December 2019 because he was sentenced in August 2017 and was obviously subject to legal process before that. Thus, his claim alleging that his arrest was a warrantless arrest without probable cause accrued more than two years before he filed his complaint and is time-barred. *See id.*

As to Wilson's property claims, a claim under § 1983 alleging the wrongful deprivation of property accrues when the plaintiff knows enough about the harm done to him to bring his lawsuit. *Nasim*, 64 F.3d at 955; *Dougherty v. Virginia*, No. 7:14CV00066, 2014 WL 3549003, at *2 (W.D. Va. July 17, 2014), *aff'd*, 585 F. App'x 114 (4th Cir. 2014). With the possible exception of the subsequent alleged auction or conversion of his property (occurrences for which Wilson alleges no date nor any information about when he learned that his property was not being returned), Wilson's property-based claims accrued in March 2017. At that time, Wilson

knew that his automobile was seized and searched. He did not file within two years of that date, and so his claims (with the possible exception noted) are time-barred.[4]

**B. Claims arising from Wilson's arrest and seizure are barred by *Heck v. Humphrey*.**

It appears to the court that Wilson's claim is most analogous to a false imprisonment claim and is therefore time-barred pursuant to *Wallace*, as already discussed. However, to the extent that Wilson is alleging that his continued detention was unlawful or that he was maliciously prosecuted, such that his claims might not be time-barred,[5] *Heck v. Humphrey*, 512 U.S. 477 (1994), bars those claims at this time. Specifically, *Heck* precludes a § 1983 claim that would "necessarily imply the invalidity of his conviction or sentence," because "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486–87. Instead, "habeas corpus is the appropriate remedy" for a state prisoner to challenge his conviction. *Id.* at 482.

*Heck* thus held that if granting relief on a civil claim, such as a false arrest or malicious prosecution claim, would necessarily call into question the validity of a criminal judgment, then the civil case cannot proceed unless the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87.

Here, Wilson's claims concerning his arrest and subsequent prosecution would necessarily call into question the validity of his criminal judgment. He was convicted of the same charges on which he now alleges he was illegally arrested. And in his complaint here, he

---

[4] Furthermore, to the extent any of his claims concerning his property are not time-barred, they are subject to dismissal because he does not allege sufficient factual matter to state a plausible claim, as described *infra* at Section II.C.

[5] The Fourth Circuit has explained that the limitations period for a malicious prosecution claim commences when the proceedings brought against the plaintiff are resolved in his favor and cannot be revived. *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 390–91 (4th Cir. 2014).

deems the charges unfounded, despite his subsequent guilty plea. Moreover, he does not allege—and the court records discussed above refute—that his conviction has been reversed, expunged, or otherwise called into question. Indeed, those records indicate that those convictions stand and that he is still serving the sentences on them. Accordingly, to the extent that his claims stemming from his arrest or prosecution are not time-barred, *Heck* bars him from bringing these claims.

### C. Wilson's property claims fail to state a constitutional claim.

As noted above, the complaint does not on its face disclose when the auction or conversion of the property from his automobile allegedly occurred, but it is possible (if not likely) that this claim accrued before December 2017 and is time-barred.[6] In any event, his allegations about the ultimate disposition of his property are not supported by sufficient factual detail to state a claim. He states in conclusory fashion that all of the defendants took, auctioned or converted his property, but he does not provide any factual allegations to explain how he knows that, nor does he provide any facts at all to support this conclusion. Instead, it appears that he is purely speculating that his property was auctioned or converted because he did not receive it back. He provides no detail to show that he requested the return of his property or otherwise attempted to obtain it and was unable to do so, nor does he list any way in which any particular defendant (as opposed to all of them) was involved with the disposition of his property. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege

---

[6] It is possible that some of Wilson's property-based claims also may be barred by *Heck*, but the court cannot so conclude on the current record or on the basis of his complaint, because it is not clear that success on these claims would *necessarily* imply that his resulting criminal convictions were unlawful. *Heck*, 512 U.S. at 487 n.7; *see Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015).

personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

In sum, even if they are not time-barred, his allegations are not supported by sufficient factual matter to state a claim. Wilson is advised, however, that he may refile this claim in a new and separate civil action if he can correct the deficiencies described in this opinion. Based on the current complaint, however, his claims based on the disposition of his property must be dismissed pursuant to 28 U.S.C. §1915A.

### III. CONCLUSION

For the foregoing reasons, the court will dismiss the complaint in its entirety, without prejudice. An appropriate order will be entered.

**ENTER**: This 3rd day of June, 2020.

/s/ Norman K. Moon
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE